DA 10-0465

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 65N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

SHEILA M. YOUNG,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC 09-33
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Joslyn Hunt, Chief Appellate Defender; Matthew M. Wilcox, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

            Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General, Helena, Montana

            Steven Shapiro, Boulder City Attorney, Montana City, Montana

Submitted on Briefs:  March 8, 2011
Decided:  April 5, 2011

Filed:

_____
                    Clerk
Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Sheila M. Young (Young) appeals following her conviction for driving under the influence of alcohol and resisting arrest. Young went to a restaurant and bar in Boulder, Montana, on June 18, 2009. She ordered take-out Chinese food and drank a double gin and tonic. Young argued with her son at the restaurant. She left the restaurant with her son and drove to his house. Young dropped off her son at his house where he proceeded to kick the door of Young's car. Young left and drove toward her own house.

¶3 Young's son called the police and reported that Young was driving and had been drinking. Boulder police dispatch notified Officer Alicia Burns that Young's son reported that Young potentially was under the influence of alcohol and driving a silver Cadillac. Officer Burns was familiar with Young and drove to Young's house.

¶4 Officer Burns initially drove past Young's house. Young arrived at her house as Officer Burns drove past. Officer Burns watched Young pull into her driveway, grab her bag, and carry the bag into her house. Officer Burns testified that Young had difficulty getting through her gate and was staggering slightly as she went into her house. Officer Burns followed Young to her porch. Officer Burns asked Young through the open door of Young's house whether Young would come outside to talk to her. Young stepped outside to

2

talk to Officer Burns. Young apparently assumed that Officer Burns was there to talk about the incident with her son.

¶5     Officer Burns testified that Young's eyes appeared glassy and bloodshot during this encounter, that she was having difficulty balancing, and that a strong odor of alcohol emanated from her. Based on these observations, Officer Burns informed Young that she was placing her under arrest for suspicion of driving under the influence of alcohol. Young tried to walk away from Officer Burns. Officer Burns tried to restrain Young. Young swatted away Officer Burns's hands. Young finally complied after Officer Burns threatened to use a tazer on Young.

¶6     Officer Burns transferred Young to the detention center where Officer Burns read Young the portion of the implied consent advisory stating that "You must decide to take or refuse this test without talking to an attorney. Your right to an attorney under Miranda does not apply." Officer Burns then asked Young to perform a series of field sobriety tests. Young started several of the tests, but refused to complete them. Young provided a breath sample and the result indicated a blood alcohol content of 0.206.

¶7     Officer Burns read Young her *Miranda* rights after she completed the field sobriety tests. Young agreed to speak to Officer Burns and signed a waiver of rights. Young told Officer Burns that she drank a double gin and tonic at the restaurant while she waited for her food. Young testified at trial that in addition to the double gin and tonic, she had several glasses of wine after she had arrived back at her house. Young testified that she had been

home for about five minutes when Officer Burns arrived on her property. The jury convicted Young of driving under the influence of alcohol and resisting arrest. Young appeals.

¶8 Young argues for the first time on appeal that Officer Burns lacked probable cause necessary to place her under arrest and that she was entitled to *Miranda* warnings during the investigation at the detention center. Young next contends that her counsel provided ineffective assistance that resulted in prejudice to her. Young finally argues that the District Court improperly failed to address her motion for a new trial.

¶9 We use our power of plain error review on a case-by-case basis, or in those cases that implicate a defendant's fundamental constitutional rights, where failing to review the claimed error may result in a manifest miscarriage of justice, may leave unsettled the question of the fundamental fairness, or may compromise the integrity of the judicial process. *State v. Finley*, 276 Mont. 126, 137-38, 915 P.2d 208, 215 (1996). We review for an abuse of discretion a district court's decision on a motion for new trial. *State v. James*, 2010 MT 175, ¶ 29, 357 Mont. 193, 237 P.3d 672. Ineffective assistance of counsel claims present mixed questions of law and fact that this Court reviews de novo. *Whitlow v. State*, 2008 MT 140, ¶ 9, 343 Mont. 90, 183 P.3d 861.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. We decline to engage in plain error review of Young's claims regarding the legality of her arrest and whether she received timely *Miranda* warnings. Young failed to raise these issues in front of the District Court and thereby waived them. We similarly determine that the

4

District Court did not abuse its discretion in declining to review Young's motion for a new trial as she failed to file a brief in support of her motion. We finally decline to resolve Young's claim of ineffective assistance of counsel as it presents issues not clearly developed in the record. We apply the general rule that where the allegations of ineffective assistance of counsel cannot be documented from the record in the underlying case, those claims must be raised by petition for postconviction relief. *Hagen v. State*, 1999 MT 8, ¶ 12, 293 Mont. 60, 973 P.2d 233. The record contains no answer as to "why" counsel took, or failed to take, action in not raising the challenge to Young's arrest and the *Miranda* issue. *State v. White*, 2001 MT 149, ¶ 20, 306 Mont. 58, 30 P.3d 340. We deem Young's ineffective assistance of counsel claim best suited for postconviction proceedings. *State v. Notti*, 2003 MT 296, ¶ 8, 318 Mont. 146, 79 P.3d 289.

¶11     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER